# IN THE UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| AVANTI SALON, INC. <br><br> Plaintiff, <br><br> vs. <br><br> SEBASTIEN ASTOUL and ATHENA SALON SPA L.L.C. a/k/a AVANI AVEDA <br><br> Defendants. | ) <br> ) <br> ) <br> ) CIVIL ACTION NO.16- <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND VIOLATION OF THE LANHAM ACT

Plaintiff, Avanti Salon, Inc. a/k/a Hair Systems by Avanti Salon, Inc. ("Avanti Salon" or "Plaintiff"), by its attorneys, files this Complaint against Defendants, Sebastien Astoul and Athena Salon Spa L.L.C. ("Astoul" or "Defendant"), alleging as follows:

### NATURE AND BASIS OF THE ACTION

1. This civil action arises from Defendant's unauthorized use of Plaintiff's registered and common law trademarks in violation of the Lanham Trademark Act 15 U.S.C. §§ 1125(a) et seq. (the "Lanham Act"); and Massachusetts General Laws, Chapter 93A and M.G.L.A. 110H §§ 12, 13.

### PARTIES

2. Plaintiff is a Massachusetts corporation with its principal office at 20 Newbury Street, Boston, Massachusetts 02116. Plaintiff is a hair and beauty salon that has continuously

operated its business in this district as a hair and beauty salon for over twenty (20) years at this location or elsewhere in Boston.

3. Plaintiff does business under the tradenames: AVANTI, AVANTI SALON, AVANTI SALON AND SPA, AVANTI HAIR SALON, AVANTI BEAUTY SALON (hereinafter collectively "AVANTI").

4. In conjunction with these tradenames, Plaintiff is the owner of:

 (a) Massachusetts Trademark Registration No. 70597 for the mark AVANTI SALON for use in connection with Salon and Spa and hair styling services. A true and correct copy of the registration is attached to the Complaint as Exhibit No. 1.

 (b) Common law marks for AVANTI, AVANTI SALON, AVANTI SALON AND SPA, AVANTI HAIR SALON, AVANTI BEAUTY SALON for use in connection with Salon and Spa services

 hereinafter the "AVANTI Marks."

5. Defendant Sebastien Astoul is the owner and alter-ego of defendant Athena Salon Spa L.L.C. a/k/a and d/b/a AVANI or AVANI AVEDA which is a Massachusetts corporation with a principal place of business across the street from Plaintiff's primary place of business at 20 Newbury Street. Defendants do business generally in this District and specifically in this District advertise, promote, sell and provide the same identical services that Plaintiff promotes and provides. Defendants originally and intentionally, with actual knowledge of Plaintiff's name, adopted use of the confusingly similar name AVANTI AVEDA and obtained an internet domain name registration for the confusing similar infringing domain name: www.avaniaveda.com.

-2-

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, and 28 U.S.C. § § 1331 and 1338(a) and (b).

7. This Court has personal jurisdiction over the parties and venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) and 1400 (b). As stated below, and upon information and belief, Defendants have conducted and continue to conduct business in this Judicial District, including improper usage of the AVANTI Marks in this Judicial District, and have engaged in the complained of activities in this Judicial District.

## BACKGROUND OF THE ACTION

8. Since at least about 1996 to the present, Plaintiff is and has been engaged in providing Salon and Spa, Hair and Beauty services as set forth in the aforesaid registrations to customers throughout Boston and New England generally. During this entire period, Plaintiff has continuously and extensively used its AVANTI Marks both in word and logo format in connection with the sale, advertising, promotion and provision of its aforesaid services.

9. At one or more times during this same period of time from 1996 to the present, Plaintiff has continuously, consistently and at great expense used the AVANTI Marks in advertising and promotional materials, on letterhead, display banners posted at fairs, on flyers and brochures, on tags and labels applied to goods, in magazine advertisements and on Plaintiff's website.

10. At one or more times during this same period of time from 1996 to the present, Plaintiff has invested hundreds of thousands of dollars in the design, development, advertising, promotion and use in interstate commerce of the AVANTI Marks to identify itself generally as a source of high quality Salon and Spa, Hair and Beauty care services (the "AVANTI brand

services"). AVANIT annually realizes substantial revenues from the sale and provision of its AVANTI brand services. The success of AVANTI brand services has steadily increased from year to year. Plaintiff is widely recognized over the last twenty (20) as being one of the best Salon and Spa service providers.

11.     AVANTI brand services have achieved and will continue to achieve wide renown among the Salon and Spa, Beauty and Hair Care consuming public in the greater Boston area and Eastern Massachusetts generally. The AVANTI Marks have been used in interstate commerce on and for the purpose of identifying, among other things, Plaintiff as the source of such services and the unparalleled quality of services that Plaintiff provides.

12.     As a result of the foregoing, the AVANTI marks are famous and the AVANTI Marks have developed and now possess secondary and distinctive meaning to the general consuming public and users of Plaintiff's brand services.

## DEFENDANTS' UNLAWFUL CONDUCT

13.     Defendants have adopted and are using the name/designations AVANTI alone or in conjunction with other words in promotion and/or advertising of identical services that compete directly with Plaintiff's services in the identical customer base or market to which Plaintiff's services are advertised, promoted, sold or provided. On information and belief, defendants are presently using the AVANTI marks on and in connection with their website including the domain name, www.avaniaveda.com, on signage on their office location across the street from Plaintiff's location, on their facebook page, in connection with promotional events, in verbal answering of their listed business phones, on letterhead and in print advertising and in other manners that are causing actual confusion.

```
```
14.     On information and belief, defendants have no intention of discontinuing the use of their confusingly similar name(s) AVANI and AVANI AVEDA and intend to continue, if not expand, use of the name AVANI.

15.     On information and belief, defendants have received misdirected communications and inquiries from prospective customers of Plaintiff's services who have been confused into believing that Defendants or their services are or originate with Plaintiff.

16.     Prior to adopting and using the term AVANI, the defendants had actual knowledge of the AVANTI Marks and Plaintiff's prior usage of said marks.

17.     The aforesaid acts by defendants are causing and are likely to continue causing the purchasing public to believe that defendants is/are Plaintiff or is/are somehow connected or affiliated with Plaintiff, or that defendants' services are authorized, sponsored or approved by Plaintiff such that defendants' services are subject to the same high quality standards as Plaintiff's services despite the fact that this is not true.

18.     The aforesaid unlawful and willful adoption and use of the AVANTI Marks by defendant's constitutes an infringement of Plaintiff's marks and a false designation of the source of origin of defendants' services and falsely describes and represents such services.  The use, publication and promotion by the defendants of the AVANTI Marks and constitutes an attempt to palm off and appropriate to defendants, Plaintiff's exclusive rights in the AVANTI Marks.  Such acts will cause dilution of the AVANTI Marks.

19.     Upon information and belief, defendants have engaged and will continue to engage in such unauthorized activities in this State and elsewhere in interstate commerce and is likely to continue such activities, to the great injury of Plaintiff.

14.     On information and belief, defendants have no intention of discontinuing the use of their confusingly similar name(s) AVANI and AVANI AVEDA and intend to continue, if not expand, use of the name AVANI.

15.     On information and belief, defendants have received misdirected communications and inquiries from prospective customers of Plaintiff's services who have been confused into believing that Defendants or their services are or originate with Plaintiff.

16.     Prior to adopting and using the term AVANI, the defendants had actual knowledge of the AVANTI Marks and Plaintiff's prior usage of said marks.

17.     The aforesaid acts by defendants are causing and are likely to continue causing the purchasing public to believe that defendants is/are Plaintiff or is/are somehow connected or affiliated with Plaintiff, or that defendants' services are authorized, sponsored or approved by Plaintiff such that defendants' services are subject to the same high quality standards as Plaintiff's services despite the fact that this is not true.

18.     The aforesaid unlawful and willful adoption and use of the AVANTI Marks by defendant's constitutes an infringement of Plaintiff's marks and a false designation of the source of origin of defendants' services and falsely describes and represents such services.  The use, publication and promotion by the defendants of the AVANTI Marks and constitutes an attempt to palm off and appropriate to defendants, Plaintiff's exclusive rights in the AVANTI Marks.  Such acts will cause dilution of the AVANTI Marks.

19.     Upon information and belief, defendants have engaged and will continue to engage in such unauthorized activities in this State and elsewhere in interstate commerce and is likely to continue such activities, to the great injury of Plaintiff.

20. Plaintiff has no adequate remedy at law and will suffer irreparable harm and damage as a result of the aforesaid acts, in an amount presently incalculable.

## FIRST CAUSE OF ACTION

(Registered Trademark Infringement M.G.L.A. Sec. 110H §§ 12)

21. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-20 above.

22. Defendant's aforesaid conduct constitutes willful infringement of Plaintiff's AVANTI Marks in violation of M.G.L.A. Sec. 110H §§ 12, 13. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until defendant is enjoined from continuing to engage in its unlawful conduct.

## SECOND CAUSE OF ACTION

(Violation of the Lanham Act, 15 U.S.C Sec. 1125(a))

23. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-22 above.

24. Defendant's aforesaid conduct constitutes willful infringement of Plaintiff's AVANTI Marks in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a). Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

## THIRD CAUSE OF ACTION

(Common Law Trade Mark Infringement and Unfair Competition)

25. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-24 above.

26. Defendants' aforesaid conduct constitutes a willful infringement of Plaintiff's common law trademark rights in the AVANTI Marks and a violation of the Federal and State Common Law of Unfair Competition. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

### FOURTH CAUSE OF ACTION

(Trademark Dilution under M.G.L. Ch. 110H § 13)

27. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-26 above.

28. Defendant's aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's AVANTI Marks. Such dilution constitutes a violation of M.G.L.A. Ch. 110H Section 13, which provides injunctive relief notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

### FIFTH CAUSE OF ACTION

(Trademark Dilution under the common law)

29. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-28 above.

30. Defendant's aforesaid unlawful conduct is diluting and will continue to dilute the strength, distinctiveness and secondary meaning in and of Plaintiff's AVANTI Marks. Such dilution constitutes a violation of the common law of the United States and of the Commonwealth

of Massachusetts. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

## SIXTH CAUSE OF ACTION

(Unfair and Deceptive Trade Practices, M.G.L. Chapter 93A)

31. Plaintiff repeats and realleges each allegation set forth in paragraphs 1-30 above.

32. Defendants' aforesaid unlawful conduct is and has been committed primarily and substantially within the Commonwealth of Massachusetts. Defendants are a persons within the scope of Sections 2, 9 and 11 of M.G.L. Chapter 93A. Defendants' aforesaid unlawful conduct constitutes a willful unfair and deceptive trade practice in violation of M.G.L. Chapter 93A, Sections 2, 9 and 11. Plaintiff is suffering and will continue to suffer great harm and monetary damage in an amount as yet undetermined but believed to be in excess of $2,000,000 for the upcoming year, unless and until Defendant is enjoined from continuing to engage in its unlawful conduct.

33. Defendants were served by hand over thirty (30) days ago with a formal demand to cease and desist and to contact plaintiff for purposes of discussing potential settlement. To date, defendants have not sufficiently responded in good faith in an attempt to settle. Defendants are thus liable for treble damages and attorneys' fees.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against defendant and all those in active concert and privity with defendants, as follows:

1. That defendants and all those in active concert and privity with defendants (individually and collectively), their partners, agents, servants, employees, officers, attorneys, successors and assigns, be temporarily and preliminarily enjoined in this and all other judicial districts in the United States, during the course of this litigation and permanently from:

    (a) providing, advertising, publishing, promoting, offering for sale or holding for sale any product or service in association or connection with the AVANTI Marks or any colorable variation or imitation thereof including use of the name AVANI alone or in conjunction with other words or phrases;

    (b) representing to any member of the public that any service or product that is advertised, sold distributed, leased, rented, repaired, managed or held for sale by them is sponsored or authorized by Plaintiff in this district or in any other district in which Plaintiff seeks to enforce this Court's injunction order.

2. That this Court enter a preliminary and permanent injunction incorporating the terms of the Proposed order of Preliminary Injunction accompanying Plaintiff's Motion for Preliminary Injunction that includes, among other things, an order that orders the defendant to discontinue use of the AVANTI Marks in any manner including use in print or digital media, in the course of business conduct either verbally or as a representation of defendant's organization's name or identity, in the course of verbally answering the telephone or otherwise in

communications with the public, as a domain name, on the display or content of any website and/or in metatags or metadata of any accessible website or other internet accessible data.

3. That this Court order the Defendant to deliver up to the Court and/or to Plaintiff all written, electronic data and printed materials bearing the AVANTI Marks or any colorable imitation or variation thereof for destruction.

4. That Defendant pay to Plaintiff damages in an amount to be determined and a doubling and/or trebling thereof.

5. That Plaintiff be awarded its costs, attorneys fees and such other and further relief as the Court deems just and proper.

6. That Defendant be adjudged to have infringed Plaintiff's AVANTI Marks in Violation of 15 U.S.C. § 1125(a), 15 U.S.C. § 1114(a), M.G.L.A. Ch. 110H §§ 12, 13, and M.G.L. Ch. 93A.

Dated: \_\_\_\_\_, 2016

Respectfully submitted,
AVANTI SALON, INC.
By Its Attorneys

/s/ M. Lawrence Oliverio
M. Lawrence Oliverio, BBO #378755
Polsinelli P.C.
Suite 2101, 100 Cambridge Street
Boston, MA  02114
Tel: 617-367-4600, Fax: 617-367-4656
loliverio@polsinelli.com
Counsel for Plaintiff